## THE STATE, EX REL. ABRAHAM W. DURYEE AND ANDREW S. ANGLE, v. ENOCH GREENLEAF, COLLECTOR OF TAXES OF NORTH BERGEN.

1. At a special meeting of the voters of a school district pursuant to notice, it was voted to build a new school-house and to borrow money to buy a lot and pay for the house. The meeting then voted a special tax of $500, and ordered $1,600 to be raised in three years, for the lot and school-house. *Held*—That the order to raise the $500 was void, no purpose to which it was to be applied having been specified as required by law.

2. The clerk of the district having directed the assessor to raise, by as-

sessment the sum of $600 for 1869, towards the expenses of the school-house and lot; *held*—that the clerk had no right to make such apportionment, and that such order was without authority, and the assessment must be set aside.

On *certiorari*.   In matter of taxation.

Argued November Term, 1870, before WOODHULL, DEPUE, and VAN SYCKEL, Justices.

For prosecutors, *F. B. Ogden.*

For defendant, *J. C. Besson.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The taxes complained of in this case were assessed under a certificate of the district clerk of school district No. 4, in the county of Hudson.

It is assigned for reversal, in the first place, that the meeting of the voters of the district at which the assessment was ordered to be made was not held at the time prescribed by law.

It is the well-settled rule in this state, that powers must be exercised in strict conformity with the special acts of legislation by which they are conferred. *State, Cochrane, pros.,* v. *Garrabrant,* 3 *Vroom* 444; *State, Gilbert, pros.,* v. *Van Winkle,* 1 *Dutcher.* 73; *State, Hodge, pros.,* v. *Hard-castle,* 3 *Dutcher* 551.

In the case first cited, Justice Bedle held that the voters assembled, under the act of 1851, must direct the particular purpose for which the money is to be raised, which must be one of the purposes specified in the act, and in the notice of their meeting.

The act of March 14th, 1851, was repealed by the act of March 21st, 1867, section eighty of the latter act being sub-stituted for section eleven of the former.   Section eleven of the act of 1851 authorized the trustees to call a meeting of the taxable inhabitants of the district at any time, by giving

ten days' notice; while section eighty of the act of 1867, enacts that "the legal voters of such district are hereby authorized and required to meet on the Tuesday of the week following the annual town meeting, for the purpose of determining what additional school tax shall be levied upon the district."

The Tuesday following the annual town meeting of 1869, it is agreed by the parties, was the 20th of April, and the legal voters met on the 21st. The time for meeting under the eightieth section being fixed by law; it is essential to the validity of proceedings had under that section that they should have been taken at the time specified, and they cannot, therefore, be sustained under that provision of the act.

But section thirty-nine of the act of 1867 authorizes the trustees to call a special meeting of the legal voters of the district at any time when, in their judgment, the interest of the school may require it. Under this section, therefore, the time of meeting, if pursuant to notice, is not material.

The object of section eighty is to require a meeting of the voters of every district at least once in each year, to consider the interest of the school; while section thirty-nine is designed to enable them to meet oftener, if, in the judgment of the trustees, it shall become necessary.

Authority for the meeting on the 21st of April is, therefore, found in section thirty-nine, which provides that no business shall be transacted except such as has been set forth in the notices by which the meeting is called.

The notice of the meeting and the minutes of the proceedings appear in the state of the case agreed upon by the parties.

By the notice, the object of the meeting was declared to be to determine whether a district school tax should be raised and a new school-house erected, and the trustees authorized to borrow money to defray the expenses of purchasing a lot of land and erecting the house, and also whether a district tax should be ordered, to pay for the land and building. The meeting ordered a special tax of $500 to be raised,

without specifying the purpose to which it was to be applied, and subsequently ordered the sum of $1,600 to be raised in three years for the purpose of purchasing land and erecting thereon a school-house.

The eightieth section directs for what objects money may be raised, and that it shall be paid by the collector, on the order of the district clerk, for the purposes directed by the district meeting.

Under the authority of *Cochrane* v. *Garrabrant*, 3 *Vroom* 444, the resolution to raise $500 was void, for the reason that the use to which it was to be devoted was not declared, either in the notice of the meeting, or by the resolution passed by the voters. The purpose for which the $1,600 was to be made was specified, but it was ordered to be made in three years, without specifying how much should be raised by taxation in the year 1869. The certificate of the district clerk requests the assessor to assess $600, but the clerk had no power to apportion the sum ordered, and the voters of the district had no right, at the meeting in 1869, to determine and establish what sum should be raised by taxation in subsequent years, and, therefore, their action was indefinite and uncertain, and did not authorize the assessor to impose the tax complained of.

They had a right to burden the district with a debt sufficient to effect any purpose within the terms of the act, and to determine how much of that debt should be assessed in the year 1869; that they failed to do, and their action beyond that was in excess of their power.

For these reasons, the assessment should be set aside.

Order accordingly.

CITED *in State, Trustees, &c., pros.,* v. *Lewis,* 6 *Vr.* 378; *State, Banghart, pros.,* v. *Sullivan,* 7 *Vr.* 90; *State, Lamb, pros.,* v. *Hurff,* 9 *Vr.* 311.